VAUDREUIL LUMBER COMPANY, Respondent, vs. ÆTNA CASUALTY & SURETY COMPANY, Appellant.

*April 1—April 29, 1930.*

For the appellant there was a brief by *Linderman, Ramsdell & King* of Eau Claire, and oral argument by *Bailey Ramsdell.*

For the respondent there was a brief by *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls, and oral argument by *Harold E. Stafford.*

STEVENS, J. The single question presented is whether the use of force upon the inner doors is an "entry into such . . . vault . . . effected by force and violence by the use

of tools . . . directly upon the exterior" of the vault within the meaning of this provision of the policy.

The policy in question is not one prescribed by statute, but one drafted by the defendant company. As to such a policy, "it is a familiar rule that in case of doubt or ambiguity the language of an insurance policy should be construed most strongly against the insurer." *Reeves v. Midland Cas. Co.* 170 Wis. 370, 373, 174 N. W. 475. "When the policy is capable of two meanings, that which is most favorable to the insured is always to be adopted." *Patterson v. Natural Premium Mut. L. Ins. Co.* 100 Wis. 118, 125, 75 N. W. 980.

The most that can be said is that there may be doubt or ambiguity as to what is meant by the "exterior" of the vault, as that term is used in this policy. The policy must be construed in the light of its purpose to protect the plaintiff from the felonious loss of its property contained in the interior of the vault where entry is effected by force or violence. Accepting the meaning most favorable to the insured, and the meaning that effects the purpose sought to be accomplished when the policy was issued, it must be held that the force and violence applied to the inner doors was applied to the "exterior" of the vault, within the meaning of that term as used in the policy.

These inner doors were clearly exterior to that portion of the vault which was to be protected by the insurance policy. "Until the inner doors were opened no access could be had to its contents, and no entry made into the safe proper." *Bruner Co. v. Fidelity & Casualty Co.* 101 Neb. 825, 166 N. W. 242, 243. It was the apparent purpose of the policy to protect this interior from burglarious entry effected by force and violence used upon any portion of the vault that must be forced before the interior could be entered. Had it been the purpose of the company to limit its liability to cases where force and violence was applied to the outer doors of

the vault, it could have made that meaning perfectly clear by the use of a few apt words. But it did not do so. Instead it issued a policy that is clearly capable of a construction that renders it liable in this case.

The cases relied upon by the appellant are those where force was applied to the contents of the vault after entry into its interior was secured by means other than the use of force or violence.

*By the Court.*—Judgment affirmed.

FRITZ, J., dissents.