WESTERMAN, Appellant, v. RICHARDSON and others, Respondents.

*No. 289. Argued June 2, 1969.—Decided July 3, 1969.*
(Also reported in 168 N. W. 2d 851.)

588

For the appellant there was a brief by *Martin J. Torphy* and *E. Campion Kersten,* both of Milwaukee, and oral argument by *Mr. Kersten.*

For the respondents there was a brief by *Schlotthauer, Johnson & Mohs* of Madison, and oral argument by *Conrad H. Johnson.*

WILKIE, J. This appeal presents two issues:

(1) Did the trial court err in, as a matter of law, construing the coverage provisions of the garage liability policy so as to exclude coverage on Leonard Richardson's owned automobile?

(2) Did the trial court err in concluding that no questions of estoppel or misrepresentation were involved demanding a trial?

The appellant contends that the trial court erred in granting respondent insurance company's motion for summary judgment. The provisions of the summary judgment statute (sec. 270.635, Stats.) are familiar. The rules governing the disposition of summary judg-

ment motions are well settled.[1] We think this controversy is one where Great Central's motion for summary judgment and its supporting affidavits, together with the opposing papers of the plaintiff, present only a question of law, namely, the scope of coverage under the policy.

Plaintiff-appellant contends now, as he did in the trial court, that the garage liability policy clearly covers the accident of October 30, 1966, or at least the policy is ambiguous and should be construed against the insurer. Respondent insurance company contends that the policy only covers automobiles "not owned or hired" by the named insured and since the automobile involved in the accident was owned by the named insured, the policy did not cover that accident.

It is well established, as stated in *Rabinovitz v. Travelers Ins. Co.*,[2] that "[g]enerally, the construction of words and clauses in an insurance policy is a question of law." In both *Rabinovitz* [3] and *Bauman v. Midland Union Ins. Co.*[4] this court quoted from *Thurston v. Burnett & Beaver Dam Farmers' Mut. Fire Ins. Co.*,[5] wherein it was stated:

"[W]here language is plain and unambiguous, the apparent import of the words must govern, and the rule that where there is no uncertainty as to the meaning of the words used in the contract, and where such uncertainty exists but there is no extrinsic evidence or circumstance bearing on the subject to be considered in determining the meaning attributed to them by the parties when the contract was made, the proper interpreta-

[1] *See McWhorter v. Employers Mut. Casualty Co.* (1965), 28 Wis. 2d 275, 137 N. W. 2d 49; *Hyland Hall & Co. v. Madison Gas & Electric Co.* (1960), 11 Wis. 2d 238, 105 N. W. 2d 305; *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 120 N. W. 2d 41.

[2] (1960), 11 Wis. 2d 545, 549, 105 N. W. 2d 807.

[3] *Id.* at pages 549, 550.

[4] (1952), 261 Wis. 449, 451, 452, 53 N. W. 2d 529.

[5] (1898), 98 Wis. 476, 74 N. W. 131.

tion of the words and construction of the contract are solely for the court." [6]

Of course, in interpreting and construing the policy, the ultimate objective is to ascertain the true intention of the parties.[7] Here, the issue of coverage can readily be resolved by a construction of the pertinent provisions of the third page of the insurance policy, a copy of which is attached to this opinion.

With respect to limitation of coverage, item 3 of the policy provides:

"Item 3. The insurance afforded is only with respect to such of the following *coverages* and *hazards* thereunder as are indicated by *specific premium* charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of the policy having reference thereto." (Emphasis added.)

Referring to the premium schedule, it is necessary to determine what "hazards" and "coverages" correspond to the various specific premium charges. The first line in the "advance premiums" column is not filled in. That line corresponds to the first line in the "hazards" column which contains "Garage operations including 1. All automobiles." The second line in the "advance premiums" column contains the figure "3.00." That figure corresponds to the second line in the "hazards" column which contains "2. Automobiles not owned or hired." The second lines in the "advance premiums" and "hazards" columns correspond to the first line in the "coverages" column. Thus it is apparent that the items in lines one and two of the "advance premiums" and "hazards" columns correspond to the first line in the "cov-

---

[6] *Id.* at pages 478, 479.

[7] *Home Mut. Ins. Co. v. Insurance Co. of North America* (1963), 20 Wis. 2d 48, 51, 121 N. W. 2d 275; followed by *Inter-Insurance Exchange v. Westchester Fire Ins. Co.* (1964), 25 Wis. 2d 100, 104, 130 N. W. 2d 185.

erages" column which contains "A. Bodily injury liability."

Similarly, the third line of the "advance premiums" column is left blank. That line corresponds to the third

---

**Part Two**

## DECLARATIONS

*Your shield of protection*

**Item 1.** Named Insured and Mail Address:
Leonard L. Richardson
1225 S. Park
Madison, Wisconsin

DUPLICATE

**Great Central**
*INSURANCE COMPANY*
PEORIA, ILLINOIS
**Casualty Underwriters Division**
**GARAGE LIABILITY POLICY**

**Item 2.** Policy Period:
FROM 4-18-66 TO Continuous
12:01 A.M., standard time at the address of the named insured as stated herein.

AGENT  F. E. Hayden

The named insured is ☒ Individual ☐ Corporation ☐ Partnership
The named insured occupies the whole of the premises, unless otherwise stated herein:

**POLICY NO. AG 955231**

**Item 3.** The insurance afforded is only with respect to such of the following coverages and hazards thereunder as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| ADVANCE PREMIUMS | LIMITS OF LIABILITY | HAZARDS | COVERAGES | |
|---|---|---|---|---|
| $ | $ 25,000 each person | Garage operations including 1. All Automobiles | A. Bodily Injury Liability | PART I— Liability |
| $ 3.00 | $ 50,000 each accident | 2. Automobiles not Owned or Hired | | |
| $ | $ 10,000 each accident subject to $100 deductible as set forth in Limits of Liability provision | Garage operations including 1. All automobiles | B. Property Damage Liability | |
| $ 1.62 | | 2. Automobiles not Owned or Hired | | |
| $ | Cov. C | 12.4 % Premium Rate: | C. Automobile Medical Payments | PART II—Expenses for Medical Services |
| $ .91 | $ 1,000 each person Cov. D | % Percentage of Coverage A Premium | C. & D. Automobile & Premises Medical Payments | |
| $ | | | E. Fire and Explosion | PART III— Garagekeepers' Legal Liability |
| $ | Specific limit per location as stated in Item 5 subject to: | | F. Theft of the entire automobile | |
| $ | $25 vandalism deductible—Coverage G | | G. Riot and Vandalism | |
| $ | $ deductible—Coverage H—Limit of liability includes $5000 limit for loss to property other than automobiles | | H. Collision or Upset | |
| $ 1.40 | #890 | | Form numbers of endorsements attached to policy at issue | |
| $ 6.93 | TOTAL ADVANCE PREMIUM | | #814  #890 | |

**Item 4.** (a) All automobiles owned by the named insured are used principally in garage operations of the named insured, except automobiles (1) assigned to the named insured, a partner therein, or an executive officer therein, or, if a resident of the same household, the spouse of any of them or (2) furnished to any person or organization named in paragraph (b) below.
(b) Automobiles owned by the named insured are furnished to the following persons or organizations for their regular use for other business purposes or for non-business purposes (do not list the named insured, any partner, executive officer or, if a resident of the same household, the spouse of any of them, unless more than one automobile is furnished concurrently to such person and then show only the number of automobiles so furnished in excess of one):

| Name—Number of such Automobiles | Name—Number of such Automobiles |
|---|---|
| Name—Number of such Automobiles | Name—Number of such Automobiles |

**Item 5.** The following are the addresses of all premises where the named insured conducts garage operations. (If more than one, see Schedule attached.)

| PART 1 | ADVANCE PREMIUM | | RATES | | PREMIUM BASIS | | ADDRESS (Show main sales location, if any, as Location No. 1) |
|---|---|---|---|---|---|---|---|
| Loc. No. | Coverage A | Coverage B | Coverage A Per $100 of | Coverage B Remuneration | Class | Remuneration | |
| 1 | $ 3.00 M.P. | $ 1.62 M.P. | $ .08 | $ .04 | A If any B 2,000 C If any 2,000 Total | | 1225 S. Park Madison, Wisconsin |

Per Furnished Automobile

| Min. Prems. | Coverage A | Coverage B | Coverage C | Coverage C & D | Part III | Loc. No. | Max. No. of Customers' Automobiles Stored | Limit of Liability |
|---|---|---|---|---|---|---|---|---|
| | $ 3.00 | $ 1.62 | $ | $ .91 | | 1 | $ | $ |

COUNTERSIGNED:

CU,1031  036  BY_____  Authorized-Representative

---

line in the "hazards" column which contains "Garage operations including 1. All automobiles." The fourth line in the "advance premiums" column contains the figure "$1.62." That figure corresponds to the fourth

line in the "hazards" column which contains "2. Automobiles not owned or hired." The fourth lines in the "advance premiums" and "hazards" columns correspond to the second line in the "coverages" column. Thus lines three and four of the "advance premiums" and "hazards" columns correspond to the second line of the "coverages" column which contains "B. Property damage liability."

On this reading of the policy it is clear that it provides that a premium of $3 was paid for coverage of bodily injury arising out of incidents involving "automobiles not owned or hired" and that a premium of $1.62 was paid for coverage of property damage arising out of incidents involving "automobiles not owned or hired."

Thus the trial court properly concluded that the policy did not cover automobiles owned by the named insured.

Appellant argues that the premium charge of $3 is applicable to "bodily injury" coverage which is subdivided into two "hazards"—namely, "all automobiles" and "automobiles not owned or hired," and that there is no indication in the policy that the premium of $3 applies only to "automobiles not owned or hired." The answer to appellant's contention is that the premium charge appears on a line immediately corresponding to the line in the "hazards" column containing "automobiles not owned or hired." The line in the "advance premiums" column is blank which immediately corresponds to the line in the "hazards" column containing "Garage operations including 1. All automobiles." Appellant contends that if the stated premiums apply only to "automobiles not owned or hired," the meaning would be clearer if the hazards covered were located immediately adjacent to the premium amount or if the word "nil" were placed in the blank spaces in the "advance premium" column.

While it may be that there are ways to make the premium schedule clearer than it is, there is no doubt that the policy, as written, applies only to "automobiles not owned or hired" and does not cover the accident in question. There is no ambiguity.[8]

In granting summary judgment to the insurer the trial court concluded that plaintiff presented no other issue that required trial. It noted that on page 10 of his deposition, defendant Leonard Richardson stated that he felt that he was covered by Great Central Insurance Company at the time of his son's accident. However, the trial court concluded that Mr. Richardson's statement was a mere conclusion of law and did not raise an issue of fact on a motion for summary judgment. No mistake of fact, mistake of law, or issue of misrepresentation was alleged in the pleadings. No issue of estoppel was pleaded, although the father did state in his deposition that he reported the accident to Great Central, and they did nothing about denying coverage.

Thus, the only question presented to the trial court was the question of construction of the policy—a question of law properly resolved by motion for summary judgment.

*By the Court.*—Order and judgment affirmed.

---

[8] Appellant contends that the insurance policy should be construed against the insurer, but that rule is applicable only when there is an ambiguity. *Lontkowski v. Ignarski* (1959), 6 Wis. 2d 561, 95 N. W. 2d 230; *Vaudreuil Lumber Co. v. Aetna Casualty & Surety Co.* (1930), 201 Wis. 518, 520, 230 N. W. 704. *See also Inter-Insurance Exchange v. Westchester Fire Ins. Co.*, *supra*, footnote 7, at pages 104, 105.