GARRIGUENC, Plaintiff and Respondent, v. LOVE, d/b/a DEMOLITION ENTERPRISES, and others, Defendants and Respondents: CAPITOL INDEMNITY CORPORATION, Defendant and Appellant.

*No. 408. Submitted under sec. (Rule) 251.54 February 5, 1975.—Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 414.)

For the appellant the cause was submitted on the briefs of *Bruce Gillman* and *Arthur, Tomlinson, Gillman & Travers, S. C.,* all of Madison; and for the respondents the cause was submitted on the brief of *Howard A. Davis* and *Habush, Gillick, Habush, Davis & Murphy,* all of Milwaukee.

BEILFUSS, J. The issue before this court is whether the trial court erred in failing to grant Capitol's motion for summary judgment and dismissal of plaintiff's complaint in that the above-mentioned policy exclusion denies coverage.

This dispositive issue in this case is one of contract construction. Generally, the construction of words and clauses in an insurance policy is a question of law.[1] The record discloses no dispute as to the extrinsic facts. All parties and the trial court treated the dispute as a question of law. Disposition by summary judgment is appropriate. *Caraway v. Leathers* (1973), 58 Wis. 2d 321, 206 N. W. 2d 193; *Gies v. Nissen Corp.* (1973), 57 Wis. 2d 371, 204 N. W. 2d 519; *Capt. Soma Boat Line, Inc. v. Wisconsin Dells* (1973), 56 Wis. 2d 838, 203 N. W. 2d 369.

The trial court did not find the contract of insurance to be ambiguous. It denied Capitol's motion for summary judgment, finding that by the words "automobile . . . racing or stunting" Capitol did not attempt to eliminate all automobile contests, and that a demolition

[1] *Westerman v. Richardson* (1969), 43 Wis. 2d 587, 168 N. W. 2d 851; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. 2d 545, 105 N. W. 2d 807.

derby involves neither racing nor stunting as these words are commonly understood.

Both parties contend that the terms of the policy are unambiguous and that application of the "plain meaning rule" is appropriate.[2]  Capitol argues that the special endorsement to its policy excludes plaintiff's claim in that automobile "stunting" clearly includes an automobile demolition derby.  Plaintiff contends that the term "race" has inherent within it the idea of a contest of speed; and that the term "stunt" refers to co-ordinate feats of skill such as driving on two wheels, jumping over ramps or driving various patterns in co-ordination with other skilled drivers.  Plaintiff maintains the terms "racing" and "stunting" are not ordinarily understood to include the chaos of a demolition derby.  In the alternative, plaintiff argues that the terms are ambiguous, and that whatever ambiguity exists in an insurance policy must be resolved in favor of the insured.

Contracts of insurance are controlled by the same principles of law that are applicable to other contracts.[3]  A policy of insurance like any other contract is to be construed so as to give effect to the intention of the parties.[4]  In the case of an insurance contract, the words are to be construed in accordance with the principle that the test is not what the insurer intended the words to mean but what a reasonable person in the position of an

[2] Words used in an insurance contract are to be given the common and ordinary meaning which they have in the minds of the average layman.  *Schmidt v. Luchterhand* (1974), 62 Wis. 2d 125, 214 N. W. 2d 393; *Henderson v. State Farm Mut. Automobile Ins. Co.* (1973), 59 Wis. 2d 451, 208 N. W. 2d 423; *Solberg v. Metropolitan Life Ins. Co.* (1971), 50 Wis. 2d 746, 185 N. W. 2d 319.

[3] *McPhee v. American Motorists Ins. Co.* (1973), 57 Wis. 2d 669, 205 N. W. 2d 152.

[4] *Allstate Ins. Co. v. Truck Ins. Exchange* (1974), 63 Wis. 2d 148, 216 N. W. 2d 205; *Faltersack v. Vanden Boogaard* (1968), 39 Wis. 2d 64, 158 N. W. 2d 322.

insured would have understood the words to mean.[5] Whatever ambiguity exists in a contract of insurance is resolved in favor of the insured.[6] This is a restatement of the general rule that ambiguous contracts are to be construed most strongly against the maker or drafter.[7] Words or phrases in a contract are ambiguous when they are reasonably or fairly susceptible to more than one construction.[8] However, when the terms of a policy are plain on their face, the policy should not be rewritten by construction to bind the insurer to a risk it was unwilling to cover, and for which it was not paid. Litigants should not be able to resort to rules of construction for the purpose of modifying the contract or creating a new contract; and a court need not resort to either construction or case law to bolster its recognition of that plain meaning.[9]

When an insurance company writes an exclusion in a liability policy it intends to limit or exclude a risk. The risk sought to be excluded in this case was "automobile or motorcycle racing or stunting." These words are not ambiguous. They express excessive speed and an increased risk and situations in which an automobile is not usually found or entered by the ordinary owner or driver. A "race" is defined by Webster's, Third New International Dictionary as "a contest of speed" or "a contest

---

[5] *McPhee, supra; Luckett v. Cowser* (1968), 39 Wis. 2d 224, 159 N. W. 2d 94.

[6] *McPhee, supra.*

[7] *Moran v. Shern* (1973), 60 Wis. 2d 39, 208 N. W. 2d 348; *Marion v. Orson's Camera Centers, Inc.* (1966), 29 Wis. 2d 339, 138 N. W. 2d 733.

[8] *Mutual Federal Savings & Loan Asso. v. Wisconsin Wire Works* (1973), 58 Wis. 2d 99, 205 N. W. 2d 762; *Sipple v. Zimmerman* (1968), 39 Wis. 2d 481, 159 N. W. 2d 706.

[9] *Limpert v. Smith* (1973), 56 Wis. 2d 632, 203 N. W. 2d 29; *Amidzich v. Charter Oak Fire Ins. Co.* (1969), 44 Wis. 2d 45, 170 N. W. 2d 813.

involving progress toward a goal." In *Madison v. Geier*
(1965), 27 Wis. 2d 687, 693, 695, 135 N. W. 2d 761,
this court stated:

".  .  . a race is an intentional competition in respect
to some phase of locomotion. The dominant characteristic
of a race is the awareness or intent of competition in
respect to speed and distance to prove superiority in per-
formance in some respect. .  .  .

"Speed and distance are relative and depend on the
nature of the race."

Webster's, Third New International Dictionary defines
"stunt" as "a feat or performance displaying notable
strength or skill" or "an unusual feat or act performed or
undertaken chiefly to gain attention or publicity."

The affidavit of Donald Love describes a "demolition
derby" as a number of stock automobiles racing around
a track, trying to put the other participants' automobiles
out of operating condition. To be successful requires
considerable skill in employing various techniques in
racing.

A demolition derby consists of innumerable races be-
tween one or more automobiles to reach a spot on the
track before another participant; either to damage the
other's vehicle or to escape damage to one's own automo-
bile. It is undisputed that the demolition derby was con-
ducted to gain attention or publicity. It was a commercial
adventure involving increased risks to both participants
and spectators. It was ".  .  . an intentional competition
in respect to some phase of locomotion." There is no
ambiguity in the terms "racing" or "stunting." Giving
the words of the policy exclusion their common ordinary
meaning, the activity in question, a "demolition derby"
falls within the definition of "racing" or "stunting" or a
combination of both. Much of the parties' argument is
devoted to whether a demolition derby is included within
the term "race" or the term "stunt." A demolition derby

need not fall entirely within one or the other term.[10] A demolition derby is both a race and stunt. Involved are characteristics from each, speed, the striving toward a goal, the necessity of skill, and an unusual event undertaken to gain publicity. Capitol's policy of insurance excluded bodily injury or property damage arising out of the demolition derby.

The plaintiff argues that the injuries she suffered did not "arise out of" the demolition derby; and that ambiguity exists because it is not clear whether the exclusion applies only to injury caused by the conduct of the drivers in automobile racing or stunting, or to injury caused by any condition, whether directly or indirectly related to automobile racing or stunting. The words "arising out of" in liability insurance policies are very broad, general, and comprehensive; and are ordinarily understood to mean originating from, growing out of, or flowing from.[11] All that is necessary is some causal relationship between the injury and the event not covered. That relationship exists in this case.

*By the Court.*—Order reversed; cause remanded; judgment to be entered in favor of the defendant-appellant.

---

[10] The word "or" in a contract may be construed in a copulative and not disjunctive sense when necessary to the spirit and intent of the agreement. *Vinograd v. Travelers Protective Asso.* (1935), 217 Wis. 316, 258 N. W. 787.

[11] *State Farm Mut. Automobile Ins. Co. v. Partridge* (1973), 10 Cal. 3d 94, 109 Cal. Rptr. 811, 514 Pac. 2d 123; *National Union Fire Ins. Co. v. Bruecks* (1966), 179 Neb. 642, 139 N. W. 2d 821.