CITY OF MANITOWOC, Respondent, v. IOWA NATIONAL MUTUAL INSURANCE COMPANY, Appellant.

*No. 688. Argued May 8, 1975.—Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 577.)

For the appellant there was a brief by *Walter D. Thurow* and *Hart, Wightman & Thurow,* all of Madison, and oral argument by *Walter D. Thurow.*

For the respondent there was a brief and oral argument by *Paul D. Lawent,* city attorney.

A brief amicus curiae was filed by *Clayton R. Hahn* and *Borgelt, Powell, Peterson & Frauen,* all of Milwaukee, for the Wisconsin Compensation Rating Bureau.

WILKIE, C. J. The sole issue raised on this appeal is whether the appellant, Iowa National Mutual Insurance Company, must, under its insurance coverage contract, reimburse the respondent, city of Manitowoc, for death payments made to the widow of a city fireman under the provisions of sec. 66.191, Stats. We conclude that it must.

Sec. 66.191, Stats., in pertinent part, provides:

"(1) Whenever a . . . fireman . . . shall, while engaged in the performance of duty, be injured or contract a disease due to his occupation, and . . . .
"(2) If such injury or disease shall cause the death of such person, and he dies leaving surviving a widow or an unmarried child under the age of 18 years, the department shall order monthly payments as follows:
"(a) To the widow . . . ."

The department of industry, labor & human relations held that the fireman's widow was entitled to death benefits under sec. 66.191, Stats., after finding:

". . . that on August 11, 1972, the deceased suffered death due to a heart disease; that the deceased's death was caused by his employment as a fire fighter by the respondent . . . ."

The department's order was affirmed by a judgment of the circuit court for Dane county and that judgment was not appealed. The appellant insurer here refused to defend the city in proceedings before the department on the widow's claim, and refused to pay the claim on the grounds that its insurance policy coverage extended only to claims against the city under ch. 102, Stats., and did not cover claims brought under sec. 66.191. The relevant policy provisions, which are controlling here, are as follows:

"Iowa National Mutual Insurance Company
". . .
"Agrees with the insured, . . .
". . .
"I. Coverage A—Workmen's Compensation: To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.
". . .

"III. **Definitions:**

"(a) **Workmen's Compensation Law.** The unqualified term 'workmen's compensation law' means the workmen's compensation law *and any occupational disease law* of a state designated in item 3 of the declarations . . . ." (Emphasis supplied.)

"**Declarations**

". . .

"3. Coverage A of this policy applies to the workmen's compensation law and *any occupational disease law* of each of the following states: Wisconsin" (Emphasis supplied.)

In a declaratory judgment action commenced by the city of Manitowoc, the trial court ruled that the policy did cover the claim and ordered the company to reimburse the city for all amounts it had paid the widow, and to assume responsibility for future monthly payments.

On this appeal from the trial court judgment, as taken by the company, we have no hesitation in affirming the trial court ruling. The cited coverage provisions of the policy are "plain on their face"[1] and are not "reasonably or fairly susceptible to more than one construction."[2] The policy renders the insurer liable for "all compensation and other benefits" required to be paid under "the workmen's compensation law" and "any occupational disease law" of the state of Wisconsin. Sec. 66.191, Stats., applies where the public employee contracts "while engaged in the performance of duty . . . a disease due to his occupation." Plainly, this section qualifies under the category of "any occupational disease law." The department of industry, labor & human relations found that the deceased employee "suffered death due to a heart disease . . . caused by his employment . . . ." His

[1] *Garriguenc v. Love* (1975), 67 Wis. 2d 130, 135, 226 N. W. 2d 414.
[2] *Id.*

affliction qualifies as an occupational disease for which benefits were properly held payable under sec. 66.191.[3] We conclude, therefore, that under its policy the insurance company is liable.

The insurance company, and the Wisconsin compensation rating bureau appearing as amicus curiae, argue the policy's coverage is limited to occupational disease claims arising under ch. 102, Stats. They argue that while the theory of compensation under ch. 102 is to compensate employees for a specific wage loss, sec. 66.191, applicable to certain public employees suffering occupational accident or disease producing death or involuntary retirement, should be considered a retirement or pension law. They further point out that the terms of sec. 66.191 and ch. 102 differ with respect to what employees are covered, the definition of permanent disability, the method and level of payments, eligibility of dependents, and a number of other minor matters. Therefore they contend claims arising under sec. 66.191 are not covered by the policy.

We think not. The policy not only covers "*any* occupational disease law," but also includes "*all* compensation and other benefits." (Emphasis supplied.) The insurer's argument that the policy is only designed to cover specific wage losses payable under ch. 102, Stats., is inconsistent with the broad terms "all" and "any." Moreover, any ambiguity in these terms should be re-

---

[3] Under sec. 891.45, Stats., death of a municipal fireman is presumed to be employment connected for the purposes of sec. 66.191 where the fireman was free of heart trouble upon commencing employment and he had served at least five years. The presumption is rebuttable. *See: Sperbeck v. ILHR Department* (1970), 46 Wis. 2d 282, 174 N. W. 2d 546, and *Appleton v. ILHR Department* (1975), 67 Wis. 2d 162, 226 N. W. 2d 497. Here, however, the department's findings were not contested, nor challenged on appeal and must therefore be considered conclusive.

solved in favor of the insured.[4] It would have been a simple matter for the insurer to incorporate into the policy an exclusion for benefits payable under sec. 66.191. It did not, however, and benefits payable under this section fall squarely within the coverage of the policy as written.

*By the Court.*—Judgment affirmed.

----

[4] *Garriguenc v. Love* (1975), 67 Wis. 2d 130, 226 N. W. 2d 414.