Shirley GUST and Harrold Gust, Sr., Plaintiffs-Respondents,

v.

Verlyn W. OTTO, and Mutual Service Casualty Insurance Company, Defendants,

ECONOMY FIRE & CASUALTY COMPANY, Appellant. [Case No. 88–1410.]

Brenda NEWMIER, Kevin Newmier and Bradley Newmier, Minors by their Guardian ad Litem Jerome A. Maeder, and Mary Newmier and Steven Newmier, Plaintiffs-Respondents,

v.

Verlyn W. OTTO and Mutual Service Casualty Insurance Company, a foreign insurance corporation, Defendants,

ECONOMY FIRE & CASUALTY COMPANY, Appellant. [Case No. 88–1411.]

Court of Appeals

*Nos. 88–1410, 88–1411. Submitted on briefs October 3, 1988.— Decided November 15, 1988.*

(Also reported in 433 N.W.2d 286.)

For appellant there were briefs filed by Steven R. *Schilke* of Wausau.

For plaintiffs-respondents there was a brief by *Jerome A. Maeder, S.C.,* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Economy Fire & Casualty Company appeals a judgment entered against it for $216,846.82. The issue on appeal is whether Economy's underinsured motorist coverage begins at the level of its insured's underlying recovery from the major liability carrier or at the level of the major liability carrier's policy limit. The trial court concluded that Economy's underinsured coverage begins at the level of its insured's underlying recovery. We agree and affirm the trial court.

The facts are undisputed. On August 4, 1985, Verlyn Otto struck an oncoming car which contained Harold Gust, the driver and six passengers including Gust's wife and five members of the Newmier family. Otto also had a passenger, Terry Struzyk. All occupants of both vehicles were injured. Otto, who was found 100% causally negligent for all injuries, had liability insurance with Mutual Service Casualty Insurance Company (MSI) with a policy limit of $300,000. The Gusts had underinsured motorist cover-

age from Economy for $500,000. The claims went to arbitration where the total damages for the Gusts and the Newmiers was set at $479,000. Their total recovery from Otto's insurer, MSI, amounted to $248,184.10; the remaining portion of Otto's $300,000 liability coverage went to Struzyk. The trial court entered judgment against Economy for $216,846.82. The court used this formula:

| | |
|---|---|
| Total Arbitration Recovery for the Gusts and Newmiers | $479,000.00 |
| Total Recovery from Otto's Bodily Injury Policy | −248,184.10 |
| Economy's Interim Payments to the Gusts and Newmiers | − 13,969.08 |
| Economy's Underinsured Motorist Coverage | $216,846.82 |

Economy contends that its underinsured coverage begins at MSI's policy limits of $300,000, the amount which all the occupants received, including Otto's passenger, Struzyk. The Gusts contend that Economy's underinsured motorist coverage begins with only their underlying recovery of $248,184.10

Economy's underinsured motorist coverage provides in part:

I. DAMAGES FOR BODILY INJURY CAUSED BY UNDERINSURED MOTOR VEHICLES

The company will pay all sums ... because of bodily injury ... provided

(1) that the limits of liability for Underinsured Motorists coverage shall be reduced by the total

limits of all Bodily Injury Liability insurance policies applicable to the person or persons legally responsible for such damages;

(2) that the company's obligation hereunder shall apply only to such damages that are in excess of the total limits of all Bodily Injury Liability insurance policies applicable to the person or persons legally responsible for such damages and available to cover the insured's damages ....

This is an example of a reducing clause, a clause which reduces the amount of recovery by the amount of other coverage the insured receives. The validity of an underinsured motorist coverage reducing clause is recognized in Wisconsin. *Kuehn v. Safeco Ins. Co.,* 140 Wis. 2d 620, 627–28, 412 N.W.2d 126, 129 (Ct. App. 1987). Economy contends that its underinsured motorist coverage must be reduced by the total limits of all bodily injury liability applicable under Otto's coverage, in other words $300,000. We disagree with this interpretation.

Interpretation of words and clauses in an insurance policy is a question of law. *Garriguenc v. Love,* 67 Wis. 2d 130, 133, 226 N.W.2d 414, 416 (1975). We need not defer to the trial court in deciding a question of law. *First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977). Like any contract, an insurance policy must be construed to give effect to the intention of the parties. The test for intention is what a reasonable person would have understood the words to mean. However, any ambiguity must be resolved in favor of the insured. *Garriguenc,* 67 Wis. 2d at 135, 266 N.W.2d at 417.

■ When read together, subparagraphs (1) and (2) create an ambiguity that we construe against Economy. Subparagraph (1) reduces Economy's underinsured motorist coverage by the total limits of all bodily injury insurance policies. Subparagraph (2), however, reduces Economy's underinsured motorist coverage by the total limits of all bodily injury insurance policies and the damages available to cover the insured's damages. Subparagraph (2) qualifies subparagraph (1)'s liability by limiting the reduction to the insured's damages, be it the policy limit or an amount available to cover the insured's damages.

■ Here, the amount available for the insured's damages did not amount to $300,000, Otto's policy limit. Instead, the amount available for the insured's damages amounted to $248,184.10. The remaining $51,815.90 was awarded to Otto's passenger, Struzyk. Economy is entitled to reduce its underinsured motorist coverage only by the portion of the total bodily injury limit specifically available to cover the insured's damages. Subparagraph (2) establishes the scope of Economy's reducing clause. Economy's interpretation would allow itself to benefit from a credit not received by its insured. The most equitable reading of the policy requires Economy to reduce their underinsured motorist coverage by the amount of their insured's underlying recovery, in this instance $248,184.10.

*By the Court.*—Judgment affirmed.