STATE of Wisconsin, Plaintiff,

GENERAL CASUALTY COMPANY OF WISCONSIN, Intervening Plaintiff-Respondent,

TOWER INSURANCE COMPANY and Employers Insurance of Wausau, a mutual company, Intervening Plaintiffs,

HAWKEYE-SECURITY INSURANCE COMPANY, Intervening Plaintiff-Third-Party Plaintiff,

v.

CITY OF RHINELANDER, Defendant-Appellant,†

CHAMPION INTERNATIONAL CORPORATION, Banta Corporation and Triumph Twist Drill Company, Defendants,

SENTRY INSURANCE, a mutual company, Third-Party Defendant.

Court of Appeals

No. 02–2322–FT. *Oral argument March 10, 2003.—Decided March 25, 2003.*

2003 WI App 87

(Also reported in 661 N.W.2d 509.)

† Petition to review granted 10-21-03.

On behalf of the defendant-appellant, the cause was submitted on the joint briefs of *James P. Lonsdorf* of

*Lonsdorf & Andraski* of Wausau, and *Philip I. Parkinson*, city attorney of Rhinelander, and oral argument by *James P. Lonsdorf.*

On behalf of the intervening plaintiff-respondent, the cause was submitted on the brief of *Robert F. Johnson* and *Heidi L. Vogt* of *Cook & Franke, S.C.* of Milwaukee, and oral argument by *Heidi L. Vogt.*

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. The City of Rhinelander appeals a judgment denying coverage for environmental remediation costs under an umbrella policy issued by General Casualty Company of Wisconsin.[1] The circuit court concluded the policy's "owned property" exclusion precluded coverage. We agree and therefore affirm the judgment.

## BACKGROUND

¶ 2. This appeal is part of a lengthy controversy involving a landfill the City owned until 1980. The State sued the City and other defendants seeking damages and remediation of the landfill, which was leaking contaminants into the groundwater. The parties negotiated a settlement in which the City agreed to pay one-third of the remediation costs with the other defendants paying the rest, and the State forgoing any claims for damages.

¶ 3. The City then sought coverage under policies issued by General Casualty. In addition to its primary liability policy, the City held an umbrella policy. General

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

Casualty denied coverage under both policies. The circuit court determined no coverage existed under the primary policy because the policy only insured against damages, and remediation costs are not damages under *City of Edgerton v. General Cas. Co.*, 184 Wis. 2d 750, 517 N.W.2d 463 (1994). However, the court found the umbrella policy's coverage for the insured's "ultimate net loss" was broader than damages and included remediation costs. Both parties appealed these determinations and we affirmed. *State v. City of Rhinelander*, No. 00–2666, unpublished slip op. (Wis. Ct. App. Oct. 2, 2001).

¶ 4. On remand, General Casualty moved for summary judgment based on the umbrella's "owned property" exclusion. The court granted the motion after it determined the groundwater remediation costs were excluded under the clause and that no coverage existed. The City appeals.

### DISCUSSION

¶ 5. The interpretation of an insurance policy provision in the context of undisputed facts presents an issue of law to which we owe no deference to the conclusions of the circuit court. *Danbeck v. American Fam. Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150. The words of an insurance policy are given their common and ordinary meaning. *See Henderson v. State Farm Mut. Auto. Ins. Co.*, 59 Wis. 2d 451, 457–59, 208 N.W.2d 423 (1973). "[T]o avoid rewriting the contract by construction and imposing contract obligations that the parties did not undertake," we enforce plain and unambiguous policy language as written. *Danbeck*, 2001 WI 91 at ¶ 10. We review the grant or denial of a summary judgment de novo, and we

apply the same standards as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

¶ 6. The "owned property" exclusion in the General Casualty policy reads in relevant part: "It is agreed that this policy shall not apply to any liability for personal injury or property damage arising out of . . . 3. property damage to property (a) owned by or occupied by or rented to the insured . . . ." The City concedes that the policy, because of this exclusion, does not cover the cost of remediating the landfill site. Instead, the City contends the policy covers costs associated with preventing or correcting off-site contamination. Thus, the sole issue on appeal is whether the "owned-property" exclusion applies to the City's costs associated with off-site remediation.

¶ 7. The City contends the exclusion applies only to liability for property owned by the insured. The City argues the settlement required that it remediate groundwater damage on adjacent properties and, therefore, coverage exists for these costs. Alternatively, the City contends the exclusion is ambiguous, that it defeats its reasonable expectations of coverage and that it is illusory. We reject the City's arguments.

¶ 8. Addressing the City's claim that it was required to perform off-site remediation, we note the settlement and remediation programs suggest that the City was required only to remediate the landfill site. At oral argument, however, the City argued it had some off-site remediation responsibility, and also that the benefits of on-site remediation would extend to off-site property. The City also argued this before the circuit court, and the court accepted that the City had off-site remediation responsibility. General Casualty does not dispute that under the settlement agreement the City

316

had this obligation, but instead argues coverage does not exist because of the policy's owned-property exclusion.

¶ 9. In our analysis, we first reiterate our conclusion from the prior appeal that the phrase "ultimate net loss" includes remediation costs. *See Rhinelander*, No. 00–2666, unpublished slip op. at ¶ 9. The umbrella policy provides in relevant part:

> **Coverage:** The company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to indemnify the Insured for all sums which the Insured shall be obligated to pay by reason of the liability . . . imposed upon the insured by law, . . . for ultimate net loss on account of . . . property damage.

¶ 10. The policy defines "ultimate net loss" as: "the sum actually paid . . . in cash in the settlement or satisfaction of losses for which the Insured is liable either by adjudication or compromise with the written consent of the company." The remediation costs fall within this definition. They are a sum paid in satisfaction of losses for which the City is liable by a compromise with the State. General Casualty does not argue, nor does the record reflect, that it did not consent to the settlement. The landfill remediation costs are included in the definition of "ultimate net loss."

¶ 11. Nonetheless, the policy does not cover the remediation costs because the owned property exclusion unambiguously exempts coverage for property damage that arises out of property damage to property owned by the insured. We conclude that any off-site damage that the City must remediate would fall under this exclusion. The policy defines "property damage" as "injury to or destruction of tangible property." The term

317

"arising out of" in an insurance policy is very broad, general, and comprehensive, and is ordinarily understood to mean originating from, growing out of, or flowing from. *Garriguenc v. Love*, 67 Wis. 2d 130, 137, 226 N.W.2d 414 (1975). When "arising out of" is used in an exclusion, all that is necessary is some causal relationship between the injury and the event not covered. *See id.*

¶ 12. The exclusion's unambiguous language precludes coverage for any off-site remediation costs. Both the on- and off-site contamination are "property damage." The off-site contamination has more than some causal relationship to the on-site contamination; the adjacent land would not have been harmed but for the damage to the landfill. Thus, the off-site contamination is property damage that arises out of property damage to property owned by the insured. Remediation costs for off-site contamination are excluded by the "owned property" exclusion.

¶ 13. We are not persuaded by the City's argument that the "arising out of" language applies only "to property" owned by the insured. We understand this argument to be that the exclusion only precludes coverage for damages to the City's own property. This interpretation, however, ignores the policy's plain language. The exclusion applies to liability for property damage arising out of property damage to the insured's own property. If we were to accept the City's interpretation, we would have to ignore the exclusion's first use of the phrase "property damage" as well as the "arising out of" language. We cannot do this because when interpreting an insurance contract, we must give meaning to each part of the policy. *See Maas v. Ziegler*, 172 Wis. 2d 70, 80, 492 N.W.2d 621 (1992).

318

¶ 14. Similarly, we reject the City's argument the exclusion is ambiguous. An insurance policy is ambiguous when it is reasonably or fairly susceptible to more than one construction. *Garriguenc*, 67 Wis. 2d at 135. The City offers its own and General Casualty's construction of the exclusion as evidence of its ambiguity. Because we have rejected the City's interpretation, we also reject its ambiguity argument.

¶ 15. In addition, we are not persuaded by the City's claim that the policy defeats its reasonable expectations of coverage. The City claims it reasonably expected the policy would cover third-party claims brought against the City. An insured's reasonable expectations of coverage, however, may not be satisfied in contradiction of the policy's plain language. *Edgerton*, 184 Wis. 2d at 780. Here, the policy's unambiguous language excludes coverage for any off-site liability arising from the City's damaged property and, therefore, we are precluded from considering the City's coverage expectations.

¶ 16. Finally, we reject the City's claim that the policy's coverage is illusory. Insurance coverage is illusory if the insured has paid a premium but cannot recover under the policy. *See Meyer v. Classified Ins. Co.*, 192 Wis. 2d 463, 468, 531 N.W.2d 416 (Ct. App. 1995). The City gives several examples of liability that would be precluded from coverage given General Casualty's interpretation, such as injuries to third parties as a result of a fire on City property, personal injuries resulting from vehicle accidents, and toxic torts. While we take no position whether these examples would be excluded under the policy, we are

satisfied the coverage is not illusory. The policy precludes coverage for liability that arises for personal injury or property damage as a result of property damage to the City's own property. While this is a very broad exclusion, it does not preclude coverage in all circumstances. The policy would cover personal injury or property damage that does not result from damage to the City's own property. While the exception is broad, so is the policy's coverage of the insured's "ultimate net loss." The policy's coverage is not illusory.

*By the Court.*—Judgment affirmed.