Kenneth J. Yorgan, Plaintiff-Respondent,
v.
Thomas W. Durkin, Defendant-Appellant.
No. 04-1359.
Court of Appeals of Wisconsin.
Opinion Filed: November 17, 2004.
¶1 ANDERSON, P.J.[1]
Before an attorney is obligated to honor a client's assignment of settlement proceeds from a personal injury claim, the attorney must acknowledge the existence of the assignment and must accept the obligations set forth in the assignment. We reverse the summary judgment granted Kenneth J. Yorgan, D.C., given that Attorney Thomas W. Durkin never accepted the assignment executed by Sol Hernandez.
¶2 In this small claims action, commenced by Yorgan, Durkin moved for summary judgment on the grounds that the "Authorization and Doctor's Lien" signed by his client did not obligate him to pay Yorgan's professional fees. He filed a brief and attachments but no evidentiary affidavits to support his motion and Yorgan countered with a brief and attachments but no evidentiary affidavits. Normally, affidavits, setting forth "such evidentiary facts as would be admissible in evidence," must be filed in support of and in opposition to a motion for summary judgment. WIS. STAT. § 802.08(3). While evidentiary affidavits were not filed, in this case, our review of the record satisfies us that there is no material dispute of fact and the only issue remaining is an issue of law. In deference to the informal nature of small claims actions, WIS. STAT. § 799.209(1),[2] we will address the question of law the undisputed facts presents. The interpretation of an "Authorization and Doctor's Lien" in the context of undisputed facts presents an issue of law to which we owe no deference to the conclusions of the circuit court. See State v. City of Rhinelander, 2003 WI App 87, ¶5, 263 Wis. 2d 311, 661 N.W.2d 509, review granted, 2003 WI 140, 266 Wis. 2d 60, 671 N.W.2d 847 (No. 02-2322-FT).
¶3 The undisputed facts establish that Hernandez retained Durkin to represent her interests after an automobile accident on August 6, 1999, after which she sought chiropractic care from Yorgan. During the course of her treatment with Yorgan, Hernandez signed an "Authorization and Doctor's Lien." Dated December 15, 1999, the lien provided:
I do hereby authorize Doctor Kenneth Yorgan to furnish you, my attorney, a full report of the examination, diagnosis, treatment, prognosis, etc., of myself, as well as any records or information he may have regarding injuries or health problems I may have arising from a personal injury accident occurring on or about: 8-6-99.
I hereby authorize and direct you, my attorney, to pay directly to Dr. Yorgan such sums as may be due and owing him for health services rendered to me by reason of this accident and to withhold such sums from any settlement, judgment or verdict as may be necessary to protect his interests. I further hereby give lien on my case to Dr. Yorgan against any and all proceeds of my settlement, judgment or verdict which may be paid to you, my attorney, or myself as a result of the injuries and health problems for which I have been treated or in connection thereto.
I fully understand that I am directly and fully responsible to Dr. Yorgan for all fees submitted by him for services rendered to me and that this agreement is made solely for his additional protection and in consideration of his awaiting payment. I further understand that such payment is not contingent on any settlement, judgment or verdict by which I may eventually recover said fees.
Please acknowledge this letter by signing below and returning to Dr. Yorgan. Retain one copy for your records. I have been advised that if my attorney does not wish to cooperate in protecting Dr. Yorgan's fees, he will not await payment and will require me to make payments on a current basis.
¶4 Durkin never signed the "Authorization and Doctor's Lien." However, it was included in the thirteen pages of medical records Yorgan provided to Durkin on November 1, 2000. While representing Hernandez, Durkin did have one telephone conversation with Yorgan during which he asked Yorgan to reduce his bill; Yorgan refused. Durkin settled Hernandez's claim in June 2003 and paid the entire proceeds to Hernandez. Hernandez failed to make any payment toward Yorgan's bill for services of $2104.04, so Yorgan started this small claims action against Durkin on November 11, 2003.
¶5 Durkin subsequently moved for summary judgment, arguing that the action should be dismissed because Yorgan failed to join Hernandez, who was a necessary and indispensable party. He also asserted that SCR 20:1.15 (2004),[3] "Safekeeping Property," does not require an attorney to pay any amount from a client's settlement to a third party; therefore, in failing to pay the bill, Durkin did not violate any ethical standards. Yorgan countered that it was not feasible to join Hernandez because her whereabouts were unknown. He argued that he was not relying upon SCR 20:1.15 as the basis of his claim but that standard covers a situation as presented in this case. Finally, he sought judgment, contending that Durkin had a lien signed by Hernandez directing him to pay Yorgan's entire bill from the proceeds of any settlement and failed to honor that obligation.
¶6 The trial court granted summary judgment to Yorgan. The trial court held that Durkin had actual notice of the "Authorization and Doctor's Lien" because it was included in a thirteen-page packet of medical records Yorgan sent to Durkin. Further, the trial court ruled that Durkin was bound by the terms of the lien and he should have paid Yorgan's bill. The trial court went on to hold that Hernandez was not an indispensable and necessary party because it was Durkin's choice to disburse the entire settlement to his client. Finally, the court made a specific finding that Durkin had not violated the "Rules of Professional Conduct for Attorneys." SCR ch. 20. The trial court entered judgment against Durkin in the total amount of $2206.40.
¶7 Durkin filed a motion for reconsideration based on our decision in Riegleman v. Krieg, 2004 WI App 85, 271 Wis. 2d 798, 679 N.W.2d 857, review denied, 2004 WI 114, __ Wis. 2d __, 684 N.W.2d 138 (No. 03-1826), and relied on our conclusion that there is no common law or equitable lien; therefore, he argued, Yorgan's lien was an unenforceable contract. The trial court denied the motion for reconsideration, noting that in preparing its initial decision it had read Riegleman. The trial court reiterated that Durkin was aware of his client's obligation to Yorgan; he had been instructed by Hernandez to pay Yorgan's bill and had simply ignored his client's directions.
¶8 On appeal, Durkin contends that there was no lien on Hernandez's settlement; there was no express or implied contract between him and Yorgan; and Yorgan failed to join a necessary and indispensable party, Hernandez. We will not address the final issue because it is inadequately briefed; Durkin fails to cite to any legal authority in support of his argument. We may decline to review issues inadequately briefed. State v. Pettit, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).[4] "We cannot serve as both advocate and judge." Id. at 647.
¶9 We also decline to address Yorgan's argument that Durkin violated a duty imposed upon him by SCR 20:1.15. The preamble to the "Rules of Professional Conduct for Attorneys" makes it clear that the rules cannot be the basis for civil liability:
Violation of a rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such duty.
SCR ch. 20, Preamble: Rules of Professional Conduct for Attorneys.
¶10 Riegleman controls the disposition of this case. In that case, we held that a chiropractor would not have a lien on the proceeds of a personal injury settlement by operation of common law or equity. Riegleman, 271 Wis. 2d 798, ¶25 n.4. Nevertheless, we also held that the "Doctor's Lien"signed by the patient and his attorneywas a valid contract, which conveyed an assignment. Id., ¶25. We found the definition of an "assignment" in Wisconsin's version of the Uniform Commercial Code, WIS. STAT. § 402.210(5):
An assignment ... of "all my rights under the contract" or an assignment in similar general terms is an assignment of rights and ... it is a delegation of performance of the duties of the assignor and its acceptance by the assignee constitutes a promise by the assignee to perform those duties. This promise is enforceable by either the assignor or the other party to the original contract.
Riegleman, 271 Wis. 2d 798, ¶26.
¶11 In Riegleman, we explained that a valid assignment requires the assignor-patient to authorize and direct the assignee-attorney to pay to a third person-doctor such sums as are due and owing for professional services rendered by the doctor to the patient. Id., ¶¶27, 35. However, we demanded more; a valid assignment also requires notification to the assignee of the assignment and the assignee's agreement to honor the assignment. Id.
¶12 In this case, it is undisputed that in signing the "Authorization and Doctor's Lien," Hernandez was directing Durkin to pay Yorgan for services she received.
I hereby authorize and direct you, my attorney, to pay directly to Dr. Yorgan such sums as may be due and owing him for health services rendered to me by reason of this accident and to withhold such sums from any settlement, judgment or verdict as may be necessary to protect his interests.
It is a reasonable inference that Durkin became aware of the assignment when he received the thirteen pages of medical records from Yorgan. We make this inference because no reasonably competent lawyer would receive a client's medical records and not carefully review the records in the course of prosecuting the client's personal injury claim. When reviewing the records a reasonably competent attorney would have read the "Authorization and Doctor's Lien."
¶13 But, we conclude that the assignment is ineffective because Durkin's agreement to honor his client's assignment is missing. To be effective, an assignment must be accepted by the assignee. Lehner v. United States, 1 Cl. Ct. 408, 414 (Cl. Ct. 1983); WIS. STAT. § 402.210(5). In Riegleman, counsel signed the "Doctor's Lien," acknowledging receipt of the lien and promising to adequately protect the doctor. Riegleman, 271 Wis. 2d 798, ¶¶2, 27. In this case, Durkin did not sign the document agreeing to adequately protect Yorgan's fees.
¶14 Durkin did not accept Hernandez's directions to pay Yorgan's fees from Hernandez's settlement; therefore, the assignment was not effective. We reverse the summary judgment granted to Yorgan because Durkin did not agree to undertake the obligations Hernandez proposed in the "Authorization and Doctor's Lien."
By the Court.  Judgment reversed.
NOTES
[1] This is a one-judge appeal pursuant to WIS. STAT. § 752.31(2)(a) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] WISCONSIN STAT. § 799.209(1) provides:

At any trial, hearing or other proceeding under this chapter:
(1) The court or circuit court commissioner shall conduct the proceeding informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts.
[3] All references to the Supreme Court Rules are to the 2004 version unless otherwise noted.
[4] Durkin raises one other issue that we will not address. In his reply brief, Durkin argues that lawyers may refuse to sign a doctor's lien on the ground that SCR 20:1.8(e) prohibits a lawyer from providing financial assistance to a client. He did not raise this issue in his main brief. "We will not address arguments raised for the first time in a reply brief." Henry v. General Cas. Co., 225 Wis. 2d 849, 868 n.10, 593 N.W.2d 913 (Ct. App. 1999).