CONTINENTAL WESTERN INSURANCE COMPANY,
Plaintiff-Respondent,

v.

PAUL REID, LLP, GPS, INC. and
Eliason and Eliason, Inc.,
Defendants-Appellants.†

Court of Appeals

*No. 2005AP1235. Submitted on briefs February 27, 2006.
—Decided April 11, 2006.*

2006 WI App 89

(Also reported in 715 N.W.2d 689.)

† Petition to review denied 8-31-06.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Mitchell R. Olson* of *Eckert, Kost & Vocke LLP*, Rhinelander.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Allen M. Ratkowski* of *Piper & Schmidt*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Paul Reid, LLP; GPS, Inc.; and Eliason and Eliason, Inc. (collectively, Paul Reid) appeal a judgment denying coverage for water damage to a house under a Continental Western Insurance Company policy. Paul Reid argues the policy language is

illusory or ambiguous and, therefore, the policy should have been construed in favor of coverage. We disagree and affirm the judgment.

## BACKGROUND

¶ 2. This insurance coverage dispute involves a water damage claim to an unoccupied house in Lac du Flambeau. Sometime between November 2002, when the house was vacated, and January 2003, when the damage was discovered, the propane tank fueling the heating system ran empty. As a result, the pipes froze and burst. The house was covered under a Continental commercial policy issued to Paul Reid. The policy provides, in relevant part:

**B. Exclusions**

. . . .

 **2.** We will not pay for loss or damage caused by or resulting from any of the following:

. . . .

 **g.** Water . . . that leaks or flows from plumbing . . . caused by or resulting from freezing, unless:

 **(1)** You do your best to maintain heat in the building or structure; or

 **(2)** You drain the equipment and shut off the supply if the heat is not maintained.

¶ 3. Continental commenced this declaratory judgment action seeking a determination that its policy did not cover Paul Reid's loss. Because Paul Reid did not drain the pipes, the primary issue was whether Paul Reid had done its best to maintain heat in the house. If

677

Paul Reid had done its best, the exception to the general exclusion for water damage due to freezing would apply, and coverage would exist for the water damage.

¶ 4. The parties filed cross-motions for summary judgment. However, the circuit court denied both motions because a factual dispute existed as to whether Paul Reid had done its best to maintain heat. The court determined that, like negligence, "do your best" was a term of degree and whether Paul Reid met the standard was a factual question for the jury.

¶ 5. A jury trial was held on February 23, 2005. Paul Reid argued its actions satisfied the do-your-best standard. It presented evidence and argument that it had called the gas company and requested propane service be continued on an automatic-fill basis, where the gas company keeps the house's gas tank at a certain minimum level. However, the gas company provided will-call service, which requires the homeowner to call to request gas delivery as needed. Paul Reid also introduced testimony regarding visits its employees made to the house. The jury found Paul Reid had not done its best to maintain heat, and the court entered judgment in favor of Continental.

¶ 6. Paul Reid brought motions after verdict asserting, among other things, that the do-your-best policy 'language was ambiguous or illusory and therefore the policy should be construed in favor of coverage. The circuit court denied Paul Reid's motions.

STANDARD OF REVIEW

¶ 7. Whether an insurance policy is illusory or ambiguous involves a question of law that we review independently. *Hinrichs v. American Fam. Mut. Ins.*

*Co.*, 2001 WI App 114, ¶ 14, 244 Wis. 2d 191, 629 N.W.2d 44. Illusory policy language defines coverage in a manner that coverage will never actually be triggered. *Allstate Ins. Co. v. Gifford*, 178 Wis. 2d 341, 349, 504 N.W.2d 370 (Ct. App. 1993). Where a policy's purported coverage is illusory, the policy may be reformed to meet an insured's reasonable expectations of coverage. *Id.* Policy language is ambiguous if, when read in context, it is reasonably or fairly susceptible to more than one interpretation. *Garriguenc v. Love*, 67 Wis. 2d 130, 135, 226 N.W.2d 414 (1975). We construe ambiguous language in favor of coverage. *Danbeck v. American Fam. Mut. Ins. Co.*, 2001 WI 91, ¶ 10, 245 Wis. 2d 186, 629 N.W.2d 150.

## DISCUSSION

¶ 8. Paul Reid argues that the do-your-best standard can never be satisfied and, therefore, the coverage is illusory. Paul Reid characterizes the standard as circular or a "moving target" and posits that regardless of the efforts undertaken by the insured, Continental will always determine the insured did not do its best and deny coverage. Paul Reid contends an insured can only do its best if the insured is successful at maintaining heat; of course, if the insured is successful, there will be no claim for water damage due to freezing.

■■■

¶ 9. Paul Reid's argument amounts to speculation that Continental will always deny a claim under the do-your-best provision, regardless of what efforts an insured made. We do not decide cases on speculative assertions. *See Smith v. Atlantic Mut. Ins. Co.*, 155 Wis. 2d 808, 814, 456 N.W.2d 597 (1990). That Continental denied coverage here does not mean it will deny cover-

age in every instance. The policy provides coverage where Continental determines that the insured did its best to maintain heat in the premises. It is therefore not illusory.

¶ 10. Paul Reid also argues coverage is illusory because the do-your-best standard is subjective, changing based on each individual insured. It contends that, because the policy does not say what efforts are required to meet the standard, there is no principled manner to determine whether an insured did its best to maintain heat. Continental responds, and we agree, that a policy cannot be written to address what specific actions should be taken in every possible set of circumstances. That the policy language may encompass a broad range of circumstances does not render the language illusory.

¶ 11. Paul Reid also argues the policy language is ambiguous and should be construed in favor of coverage. It contends "best" is "an ambiguous term of degree." It further argues that the inclusion of "your" means the standard depends on who the insured is, giving the policy language an infinite number of reasonable interpretations.

¶ 12. However, Paul Reid's argument does not demonstrate the language can be reasonably interpreted to mean different things; its argument merely demonstrates that the language will lead to different conclusions when applied to different factual scenarios. The do-your-best language contained in the Continental policy is no more ambiguous than other terms used in insurance policies, such as "negligence" or "diligent." Actions taken by an insured may constitute negligence in one instance, but the same actions may not be negligent when made under different circumstances.

Such differing applications do not render the term "negligence" ambiguous, nor does a range of possible results render the do-your-best standard ambiguous.

¶ 13. Paul Reid also quarrels with Continental's failure to clearly articulate what constitutes doing an insured's best. It argues Continental should have spelled out exactly what best efforts were, such as how often a house should be checked. It contends that Continental was in a position to draft its policy with exactitude and that Continental's failure to do so should be construed against it. However, when a policy's language is unambiguous, we apply it as written, without resorting to rules of construction. *Folkman v. Quamme*, 2003 WI 116, ¶ 13, 264 Wis. 2d 617, 665 N.W.2d 857. That an insurer could have worded its policy differently does not render the language as written ambiguous.

*By the Court.*—Judgment affirmed.