N. PATRICK CROOKS, J.
¶ 94. {concurring). I agree with the result reached by the majority that the homeowner's policy does not provide coverage for *569 Schinner’s injuries under these facts. I write separately because my approach differs from both the majority opinion and that of the dissent.
¶ 95. I agree with the dissent that under the insurance policy at issue and our case law, including Doyle v. Engelke, 219 Wis. 2d 277, 580 N.W.2d 245 (1998), and Estate of Sustache v. American Family Mutual Insurance Co., 2008 WI 87, 311 Wis. 2d 548, 751 N.W.2d 845, Cecil's assault on Schinner constitutes an occurrence, and I join the analysis of the dissent on that issue.
¶ 96. However, I agree with the majority that the non-insured location exclusion applies because Schinner's injuries arose out of, originated, or flowed from a non-insured location, consistent with this court's interpretation of "arising out of' in Garriguenc v. Love, 67 Wis. 2d 130, 226 N.W.2d 414 (1975), and I join the analysis of the majority on that issue.
¶ 97. Accordingly, I respectfully concur.