NICK'S BRICK OVEN PIZZA, INC., Respondent, v EXCELSIOR INSURANCE COMPANY et al., Appellants. GIULIANA MENDOLA, Intervenor-Respondent. [877 NYS2d 359]—

In an action for a judgment declaring that the defendants are obligated to defend and indemnify Nick's Brick Oven Pizza, Inc., in an underlying action entitled *Mendola v Schmidt,* commenced in the Supreme Court, Dutchess County, under index No. 2004/330, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 20, 2008, as, upon renewal and reargument, adhered to its determinations in an order dated May 31, 2007, denying their motion for summary judgment declaring that they are not obligated to defend Nick's Brick Oven Pizza, Inc., in the underlying action and granting those branches of the separate cross motions of the plaintiff and the intervenor Giuliana Mendola which were for summary judgment declaring that they are so obligated, and granted those branches of the separate cross motions of the plaintiff and the intervenor Giuliana Mendola, which were for summary judgment declaring that they are obligated to indemnify Nick's Brick Oven Pizza, Inc., in the underlying action.

Ordered that the order dated March 20, 2008 is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff, Nick's Brick Oven Pizza, Inc., in the underlying action.

Giuliana Mendola allegedly sustained personal injuries when her vehicle was struck in the rear by a vehicle operated by Travis Schmidt. Mendola commenced an action (hereinafter the underlying action) against Schmidt and Nick's Brick Oven Pizza, Inc. (hereinafter Nick's Pizza), alleging that Schmidt

negligently caused the collision in the course of delivering pizza on behalf of Nick's Pizza, and that Nick's Pizza was vicariously liable for Schmidt's negligence. Nick's Pizza timely notified its general liability insurance carriers (hereinafter the defendants) of the underlying action, but the defendants disclaimed coverage based on a policy clause that excluded coverage for bodily injury arising out of the use of any automobile owned or operated by an "insured." Nick's Pizza commenced this action for a judgment declaring that the defendants are obligated to defend and indemnify it in the underlying action. Mendola was granted leave to intervene in the instant action.

Under the relevant policy, "employees" of Nick's Pizza are "insureds," who consequently fall within the policy exclusion, while "temporary workers," who are not included under the definition of "employees" and, hence, not "insureds," are an exception to the exclusion. Thus, the tortious conduct of "temporary workers" is covered by the policy. A "temporary worker" is defined under the policy as "a person who is furnished to [Nick's Pizza] to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions."

The Supreme Court properly determined that Nick's Pizza made a prima facie showing that Schmidt was a temporary worker as defined in the policy since he was hired to meet seasonal or short-term workload conditions during the busy summer months prior to his return to college or enlistment in the military in September. Thus, Nick's Pizza made a prima facie showing of entitlement to judgment as a matter of law. In response, the defendants failed to raise a triable issue of fact to rebut this showing (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court also correctly determined that the term "furnished," as set forth in the policy's definition of "temporary worker," was ambiguous, inasmuch as it was an open question as to whether Schmidt fell within the exclusion for "employees" or the exception to that exclusion for "temporary workers." Whether a provision in an insurance policy is ambiguous is a question of law for the court to determine (*see NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883 [2008]). "The test for ambiguity is whether the language in the insurance contract is 'susceptible to two reasonable interpretations' " (*id.* at 884, quoting *MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 340-341 [2004]). "An exclusion from coverage 'must be specific and clear in order to be enforced,' and an ambiguity in an exclusionary clause must be construed most strongly against the insurer"

(*Catucci v Greenwich Ins. Co.*, 37 AD3d 513, 514 [2007] [citations omitted]; *see Cali v Merrimack Mut. Fire Ins. Co.*, 43 AD3d 415, 417 [2007] [citations omitted]).

Here, the requirement that a temporary worker be "furnished" to the insured is susceptible to two reasonable interpretations: (1) any third party, including another employee, can refer a person to the insured to qualify that person as a temporary worker; or (2) only a recruitment and placement consultant, employment referral agency, or similar service can refer a person to the insured to qualify that person as a temporary worker. Hence, the term "furnished," as used in the policy, is ambiguous since the policy does not clearly define whether any third party, including another employee, can furnish a person to the insured in order for that person to qualify as a temporary worker or whether the third-party must be a recruitment and placement consultant, employment referral agency, or similar service in order for the referred individual to qualify as a temporary worker. The policy also does not clearly define whether an individual who is hired to meet seasonal or short-term workload conditions must also be "furnished" to the insured in order to qualify as a temporary worker, or whether only individuals hired to substitute for an employee on leave must be so "furnished." Here, Schmidt was hired pursuant to a referral from another employee of Nick's Pizza. The ambiguities in the policy must be construed in favor of Nick's Pizza (*see Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902 [2006]).

Accordingly, since the defendants failed to satisfy their burden of establishing that the policy exclusion applies to Schmidt, the policy must be construed as to afford coverage, thereby requiring the defendants to both defend and indemnify Nick's Pizza in the underlying personal injury action.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring that the defendants are obligated to defend and indemnify Nick's Brick Oven Pizza, Inc., in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur. [*See* 19 Misc 3d 736.]