Argued and submitted November 18, 2008, reversed and remanded for entry of judgment for defendant May 27, 2009

Don RHINER,
dba Oregon Tree and Shrubbery Specialists,
*Plaintiff-Respondent,*

*v.*

RED SHIELD INSURANCE COMPANY,
*Defendant-Appellant.*

Marion County Circuit Court
05C19442; A134481

208 P3d 1043

Jeffrey V. Hill argued the cause for appellant. With him on the briefs were Pamela J. Stendahl and Bodyfelt Mount Stroup & Chamerlain, LLP.

Deryl K. Nielsen argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff holds a comprehensive general liability insurance policy issued by defendant Red Shield Insurance Company. The policy excludes coverage for claims made by plaintiff's employees, but it covers claims made by "temporary workers" who are not employees. The policy defines a "temporary worker" as "a person who is furnished to you" to substitute for a permanent employee who is on leave or to meet seasonal or short-term workload conditions. The question in this case is whether an individual whom plaintiff hired directly, and who has filed a workers' compensation claim against plaintiff for on-the-job injuries, is an "employee" or a "temporary worker" within the meaning of the policy. Red Shield contends that the individual is an employee, not a temporary worker, because the worker was not "a person who [was] furnished" to plaintiff by a third party, such as an employment agency. Plaintiff insists that the individual is a temporary worker within the meaning of the policy because he was "a person who [was] furnished" to plaintiff by the worker himself. On cross-motions for summary judgment, the trial court agreed with plaintiff, and Red Shield appeals, arguing that the trial court's decision is contrary to the plain meaning of the policy. We agree with defendant and reverse.

The relevant facts are uncontested. Plaintiff owns and operates Oregon Tree and Shrubbery Specialists. During the time pertinent to this case, he was insured under a comprehensive general liability insurance policy issued by Red Shield. The policy excluded coverage for employment-related injuries, including "any obligation the insured might have under the workers' compensation laws, disability benefits or unemployment compensation," and any claim for bodily injury to an employee "arising out of and in the course of" employment or the performance of duties related to the insured's business.

The policy defined "employee" as follows:

" 'Employee' includes 'leased worker'. 'Employee' does not include a 'temporary worker'."

Thus, under the policy, a "leased worker" is an employee; however, a "temporary worker" is not an employee and is therefore not excluded from coverage under the policy. The policy defined a "leased worker" as

> "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. 'Leased worker' does not include a 'temporary worker.'"

The policy defined a "temporary worker" as

> "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions."

In October 2002, plaintiff hired Mize to work for him cutting and trimming trees and shrubs. Plaintiff hired Mize himself; he did not go through an employment agency, labor contractor, or any other entity to obtain Mize's services. Mize worked for plaintiff continuously from October 2002 to December 23, 2003, when he fell from a tree.

Mize filed a claim for workers' compensation benefits and recovered benefits for partial disability. In the course of that process, the Department of Consumer and Business Services determined that plaintiff was a noncomplying employer. Plaintiff disputes that determination, and it is stayed at the administrative level pending the outcome of this litigation. In light of plaintiff's noncomplying employer status, Mize brought an action against plaintiff for negligence and employer liability. See ORS 656.578 (worker of noncomplying employer entitled to seek damages from employer).

Plaintiff turned to Red Shield for defense and indemnity. Red Shield refused to defend or indemnify plaintiff, citing the policy's exclusions for employment-related injuries. Plaintiff then initiated this action for a declaration that Red Shield is obligated to defend and indemnify on the ground that, because Mize was a "temporary worker," his claim is subject to the policy's exception from the exclusion for employment-related injuries. As we have noted, the trial court determined that Mize was a temporary worker within

the meaning of the policy and that Red Shield was therefore required to defend and indemnify plaintiff against any liability to Mize.

On appeal, Red Shield contends that the trial court erred in concluding that Mize was a "temporary worker" within the meaning of the policy. According to Red Shield, Mize cannot be regarded as a "temporary worker" because he was not "a person who [was] furnished to [plaintiff]"; rather, plaintiff hired Mize directly. Even if the trial court correctly determined that, in some sense, Mize "furnished" himself to plaintiff, Red Shield argues, Mize still is not a "temporary worker" within the meaning of the policy because he was not furnished to meet seasonal or short-term workload needs.

Plaintiff responds that, because the policy's requirement that a "temporary worker" have been "furnished to [plaintiff]" is ambiguous, the policy must be construed in favor of coverage. Plaintiff asserts that the policy is ambiguous in at least two ways. First, he contends, it is not clear that the phrase "a person furnished to you" even is relevant in this case. According to plaintiff, the policy definition of "temporary worker" could be read to apply to *any* person who was hired to meet seasonal or short-term workload conditions, regardless of who furnished the worker. Second, plaintiff contends that—assuming that the worker must have been "furnished to" the employer—it is still unclear whether the worker may not "furnish" himself. In addition, plaintiff contends that the record makes clear that Mize was hired only on a project-by-project basis, to meet short-term workload needs.

Thus framed, the parties' contentions require us to interpret the terms of the insurance policy, which we do in accordance with the interpretive principles set out in *Hoffman Construction Co. v. Fred S. James & Co.*, 313 Or 464, 469-70, 836 P2d 703 (1992). Under *Hoffman Construction Co.*, our goal is to ascertain the intention of the parties "based on the terms and conditions of the insurance policy." *Id.* at 469. We begin with the wording of the policy, applying any definitions contained in the policy and otherwise presuming that words have their plain, ordinary meanings. *Id.* at 469-70. If, from that vantage point, there is only one plausible interpretation

of the disputed terms, our analysis goes no further. *Id.* If, however, we determine that the disputed term is susceptible to more than one plausible interpretation, we examine the term in the broader context of the policy as a whole. *Id.* at 470. If our consideration of the policy's broader context fails to resolve the ambiguity, then we will construe the policy against the drafter, in this case, Red Shield. *Id.* at 470-71. In all events, the interpretation of an insurance policy is a question of law that is confined to the four corners of the policy without regard to extrinsic evidence. *Andres v. American Standard Ins. Co.*, 205 Or App 419, 424, 134 P3d 1061 (2006).

■     At the outset, we summarily reject plaintiff's contention that the policy's definition of "temporary worker" may be read to apply to *any* person who has been hired to meet seasonal or short-term workload conditions, regardless of who furnished the worker. The wording of the policy simply cannot reasonably be read to say that. It plainly and unambiguously provides that a temporary worker is "a person who is furnished to you" either to substitute for a permanent employee or to meet seasonal or short-term workload conditions. The reference to meeting seasonal or short-term workload conditions refers to the purpose for which the worker has been "furnished to" the employer.

We turn to the question of the meaning of the reference to "a person who is furnished to you," and whether it encompasses a worker who plaintiff hired directly, without the use of an employment agency or any other entity that supplies the worker. We agree with Red Shield that there is only one plausible reading of the policy in that regard.

The word "furnished" is not defined in the policy. "If the term at issue is not defined in the policy, the next step is to look to the plain meaning of the term." *North Clackamas School Dist. No. 12 v. OSBA*, 164 Or App 339, 344, 991 P2d 1089 (1999), *rev den*, 330 Or 361 (2000). *Webster's Third New Int'l Dictionary* 923 (unabridged ed 2002) defines "furnish" as "to provide or supply with what is needed." Under that definition, the person who "furnishes" is the party who provides or supplies what is needed. In the context of human labor, it is conceivable—as plaintiff suggests—that a person can provide or supply himself or herself to an employer. Under

*Hoffman Construction Co.*, however, the question is not what a single word in a policy means in the abstract, but what that term most likely was intended to mean when viewed in the context in which the term is used in the policy as a whole. 313 Or at 470.

In context, plaintiff's proposed reading of the term "furnished" becomes untenable, because it renders the entire phrase "a person furnished to you" superfluous. If plaintiff is correct that a temporary worker is a worker who furnishes himself or herself to the employer, then the words "a person who is furnished to you" are unnecessary. If they are omitted, the definition has the same meaning: *Any* person who works for the insured on a seasonal basis or who fills in for another employee would be a temporary worker. In determining whether a phrase is ambiguous, we do not lightly assume that contract language is superfluous. *Id.* For that reason, we conclude that the phrase "a person who is furnished to you" as used in the definition of temporary worker means a person who is referred from, or provided by, a third party.

We note, in passing, that our interpretation of the policy is consistent with the decisions of many other jurisdictions that have considered the meaning of identical policy language and for precisely the same reasons that we have identified. *See, e.g., Northland Cas. Co. v. Meeks*, 540 F3d 869, 875 (8th Cir 2008) ("We believe that the term 'furnished to,' in the context of the Policy's definition of 'temporary worker,' 'is not ambiguous and necessarily implies that a third party has been involved in providing or supplying the worker to the insured.' " (quoting *Gavan v. Bituminous Cas. Corp.*, 242 SW3d 718, 721 (Mo 2008))); *Carl's Italian Restaurant v. Truck Ins. Exchange*, 183 P3d 636, 639 (Colo Ct App 2007) ("[I]n the context of the insurance policy, we conclude that plaintiff's interpretation is unreasonable. If a person could furnish himself to an employer, every worker could choose to 'furnish himself' * * * and become a 'temporary worker' whenever such classification would be convenient.").

Because plaintiff hired Mize directly and not with the aid of a third party, Mize was not a "temporary worker" within the meaning of the policy, and coverage of his claims against plaintiff is excluded. The trial court therefore erred in

granting plaintiff's motion for summary judgment and denying Red Shield's motion.

Reversed and remanded for entry of judgment for defendant.