Enos Borntreger, Plaintiff,

v.

Maurice Smith and Gail Smith,
Defendants-Appellants,

Auto-Owners Insurance, Defendant-Respondent,

DragSmith Farms, Inc., Defendant.

Court of Appeals

*No. 2011AP703. Submitted on briefs December 8, 2011.
—Decided February 23, 2012.*

2012 WI App 35

(Also reported in 811 N.W.2d 447.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Matthew A. Biegert* of *Doar, Drill & Skow, S.C.*, New Richmond.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Steven G. Danielson* of *Danielson Law Offices, LLC*, Eau Claire.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. LUNDSTEN, P.J. This appeal concerns a commercial general liability insurance policy that provided coverage for a farm owned by Maurice and Gail Smith. While the policy was in effect, a worker on the Smiths' farm, Enos Borntreger, was injured on the job and sued the Smiths. A dispute arose between the Smiths and their insurer, Auto-Owners. The Smiths and Auto-Owners dispute whether the Auto-Owners' policy provides coverage for the damages sought by Borntreger. The circuit court granted summary judgment to Auto-Owners based on a provision in the policy that excluded coverage for liabilities arising from injury to an "employee." We agree with the circuit court that the "employee" exclusion applies and, accordingly, affirm.

## Background

¶ 2. Auto-Owners Insurance issued a policy that named Maurice Smith as the insured and that provided commercial general liability coverage for a farm owned by Smith and his wife, Gail. The policy provides liability coverage for "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or

'property damage.' " One of the exclusions to this coverage is for liabilities arising from bodily injury to an "employee."

¶ 3. On October 12, 2009, a worker on the Smiths' farm, Enos Borntreger, was injured in the course of his work. Borntreger sued, alleging negligence on the part of the Smiths. Borntreger also named Auto-Owners as a defendant, and Auto-Owners and the Smiths brought cross-claims on the issue of insurance policy coverage. Auto-Owners took the position that the commercial general liability coverage did not apply because the policy excluded liabilities arising out of bodily injury to an "employee."

¶ 4. Auto-Owners moved for summary judgment. The circuit court granted partial summary judgment to Auto-Owners on the coverage issue, agreeing that the "employee" exclusion applied. Subsequently, the court entered judgment in favor of Auto-Owners on a remaining reformation claim. The Smiths appeal, challenging only summary judgment on the coverage issue.

## Discussion

### A. Whether The "Employee" Exclusion Of The Policy Applies

¶ 5. The dispute here requires us to interpret insurance policy language as applied to undisputed facts. In *Folkman v. Quamme*, 2003 WI 116, 264 Wis. 2d 617, 665 N.W.2d 857, the supreme court summarized the principles for interpreting insurance policy language:

> Insurance contract interpretation presents a question of law that is reviewed de novo. The same rules of

477

construction that govern general contracts are applied to the language in insurance policies. An insurance policy is construed to give effect to the intent of the parties as expressed in the language of the policy.

*Id.,* ¶ 12 (citations omitted). "Insurance policy language is ambiguous 'if it is susceptible to more than one reasonable interpretation.' " *Id.,* ¶ 13 (citation omitted). "If there is an ambiguous clause in an insurance policy, we will construe that clause in favor of the insured." *Id.*

■■

¶ 6. Auto-Owners maintains that the policy here does not provide coverage because Borntreger was the Smiths' "employee" and the policy specifically excludes an "employee" from coverage for liabilities stemming from bodily injury. As pertinent here, the policy states that a "temporary worker" is not an "employee."[1] There is no dispute that, if Borntreger was a "temporary worker," then there is coverage and, conversely, if Borntreger was not a "temporary worker," there is no coverage.

¶ 7. The policy defines "temporary worker" as follows:

"Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

---

[1] The policy's definition of "employee" states, in full: " 'Employee' includes a 'leased worker.' 'Employee' does not include a 'temporary worker.' " The policy defines "leased worker" as "a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. 'Leased worker' does not include a 'temporary worker.' "

Thus, the definition identifies two categories of temporary workers—substitute workers and seasonal/short-term workers. It is undisputed that Borntreger fits into the seasonal/short-term worker category. The specific dispute here is whether Borntreger also had to be "furnished to" the Smiths. That is, the parties dispute whether the language "furnished to you" modifies both the substitute worker category *and* the seasonal/short-term worker category.

¶ 8. The Smiths acknowledge that "furnished to you" clearly applies to substitute workers and that, accordingly, a third party must "furnish" the substitute worker for the worker to be a "temporary worker." The Smiths contend, however, that it is ambiguous whether "furnished to you" also applies to seasonal/short-term workers. Auto-Owners argues that "furnished to you" unambiguously applies to both categories and therefore, to qualify as a "temporary worker," Borntreger had to be "furnished to" the Smiths by a third party. We agree with Auto-Owners.

¶ 9. Under the Smiths' interpretation, the definition for the two "temporary worker" categories would read as follows:

- "[A] person who is furnished to you to substitute for a permanent 'employee' on leave."

- "[A] person who is . . . to meet seasonal or short-term workload conditions."

¶ 10. The obvious problem with the Smiths' interpretation is that it is inconsistent with the structure of the "temporary worker" definition. It is readily apparent that the definition is structured so that the "furnished to you" language introduces two parallel clauses separated by "or": "*furnished to you* to substitute for a permanent 'employee' on leave *or* to meet seasonal or

479

short-term workload conditions" (emphasis added). This structure leaves no doubt that the two individual clauses starting with the words "to substitute" and "to meet" are both modified by the "furnished to you" lead-in language.

¶ 11. Accordingly, we conclude that "furnished to you" unambiguously applies to the seasonal/short-term workers category.[2]

¶ 12. In an attempt to persuade us otherwise, the Smiths point to decisions from other jurisdictions in which courts addressed policies with the same "temporary worker" definition and concluded that the definition is ambiguous in the way urged by the Smiths. *See, e.g., Bituminous Cas. Corp. v. Mike Ross, Inc.*, 413 F. Supp. 2d 740, 744–46 (N.D.W. Va. 2006); *Nick's Brick Oven Pizza, Inc. v. Excelsior Ins. Co.*, 877 N.Y.S.2d 359, 361–62 (N.Y. App. Div. 2009). We have reviewed these cases, and it is sufficient to say here that the cases merely declare that the temporary worker definition is ambiguous, but the cases do not cogently explain why. For that matter, we note that several courts from other jurisdictions have weighed in on this issue and, while several agree with our conclusion that "furnished to you" unambiguously modifies both categories,[3] we do

---

[2] The Smiths do not develop an argument that this plain meaning should be rejected because it leads to absurd results. Rather, on that topic, the Smiths comment as follows: "While both parties' interpretation of the policy provision can lead to anomalous results, neither result is absurd or at least, more absurd than the contrary result." Elsewhere, the Smiths clarify that their position is that "the definition can be read in the manner urged by Auto Owners," but that "other definitions are equally plausible."

[3] *See, e.g., American Family Mut. Ins. Co. v. Tickle*, 99 S.W.3d 25, 27, 30–31 (Mo. Ct. App. 2003); *Rhiner v. Red Shield Ins. Co.*, 208 P.3d 1043, 1044, 1045 (Or. Ct. App. 2009).

not rely on the reasoning employed in any of these other jurisdictions.

■

¶ 13. The Smiths make other assertions in the course of their argument, but these points are unavailing in light of our conclusion that the policy's language is unambiguous. For example, the Smiths assert that we must consider the "expectations of a reasonable insured" in the Smiths' position. However, "[a]n insured's reasonable expectations of coverage . . . may not be satisfied in contradiction of the policy's plain language." *State v. City of Rhinelander*, 2003 WI App 87, ¶ 15, 263 Wis. 2d 311, 661 N.W.2d 509; *see also Folkman*, 264 Wis. 2d 617, ¶ 13 (stating: "If there is no ambiguity in the language of an insurance policy, it is enforced as written . . . .").

¶ 14. The Smiths may also be making a slightly different argument. The Smiths assert that "there is an ambiguity when the Auto-Owners policy language is read in conjunction with the Wisconsin Worker's Compensation Act." We reject this argument for two reasons. First, the Smiths have not provided legal support for the proposition that we may declare otherwise unambiguous policy language to be ambiguous based on statutory provisions external to the policy. Second, on its own terms, the Smiths' comparison is self-defeating. As described by the Smiths, the pertinent Worker's Compensation Act language distinguishes "employees" from temporary workers who are provided by a help agency. But here, the Smiths ask us to interpret the policy language as distinguishing "employee[s]" from "temporary worker[s]" who are not furnished by anyone. These two propositions are at odds with each other. We stress that we have not independently compared the

Worker's Compensation Act with the policy language. Here, we conclude only that the Smiths' argument falls of its own weight.

¶ 15. In a footnote in their brief-in-chief, the Smiths raise an alternative argument. They argue that, even if the language "furnished to you" applies to seasonal/short-term workers, it would be reasonable to conclude that Borntreger was "furnished" here. The Smiths assert that Borntreger was "furnished" because he was "introduced" and "recommended" to the Smiths by Borntreger's girlfriend, who was an employee of the Smiths. We are not persuaded.

██

¶ 16. First, the argument is forfeited. At the hearing on this topic, the circuit court stated:

[Borntreger] wasn't put out there by an employment agency, a temp agency, some other supervisor. He, as I recall, he simply contacted Mrs. Smith and had worked there before and asked to come to work there the summer in question, and she talked it over with her husband and they decided to hire Mr. Borntreger as a seasonal employee for that year. There was nobody else involved.

Thus, the circuit court was explaining its understanding that there was no dispute that Borntreger had not been furnished by a third party. At this hearing, the Smiths neither objected to the court's statement of fact nor argued to the contrary either before or after the comment. This constitutes forfeiture. *See State v. Rogers*, 196 Wis. 2d 817, 825–27, 539 N.W.2d 897 (Ct. App. 1995) (generally, to preserve an argument, a party must raise the argument before the circuit court).

¶ 17. Second, the record does not support the Smiths' characterization that Borntreger's girlfriend "introduced" and "recommended" Borntreger to the

Smiths. At best, the record cite provided by the Smiths indicates that Borntreger came to the Smiths' attention because Borntreger drove his girlfriend back and forth to the Smiths' farm.

¶ 18. In sum, we agree with the circuit court that the "temporary worker" definition unambiguously required that Borntreger be "furnished to" the Smiths. We are presented with no preserved argument that Borntreger was furnished to the Smiths. Thus, we agree with Auto-Owners and the circuit court that Borntreger was not a "temporary worker" and that the "employee" exclusion was applicable.

## B. Costs

¶ 19. In its responsive brief, Auto-Owners argues that the circuit court improperly declined to award Auto-Owners costs and disbursements related to the granting of partial summary judgment on the coverage issue. More specifically, Auto-Owners asserts that, pursuant to WIS. STAT. § 814.03,[4] it was entitled to costs against the Smiths and their farming entity. Auto-Owners argues that we should reverse the portion of the summary judgment order that declined to award the costs.

¶ 20. The Smiths respond that we should not consider this request because it is not the subject of a cross-appeal by Auto-Owners. We agree. Auto-Owners was required to raise its costs argument in a cross-appeal because Auto-Owners is requesting a modifica-

---

[4] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

tion to a summary judgment order. *See* WIS. STAT. RULE 809.10(2)(b). We decline to address the issue.[5]

## *Conclusion*

¶ 21. For the reasons discussed, we affirm the circuit court.

*By the Court.*—Judgment affirmed.

---

[5] Auto-Owners also includes Borntreger in its request for costs, and Borntreger has filed an objection to Auto-Owners' request. Auto-Owners' request for costs with respect to Borntreger parallels the problem with regard to the Smiths. Auto-Owners needed to appeal to bring the issue before this court.