COURT OF APPEALS
DECISION
DATED AND FILED

May 20, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2020AP216**

STATE OF WISCONSIN

Cir. Ct. No.  **2016CV124**

IN COURT OF APPEALS
DISTRICT IV

JACE T. MCDONALD,

    PETITIONER-RESPONDENT,

  V.

STATE OF WISCONSIN DEPARTMENT OF FINANCIAL INSTITUTIONS,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Ashland County: KELLY J. McKNIGHT, Judge.  *Reversed and cause remanded with directions*.

Before Fitzpatrick, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  The Department of Financial Institutions appeals a circuit court order remanding this case to the department to make additional findings of fact to support its decision in an enforcement action against Jace McDonald.  We conclude that the department's existing findings are sufficient for judicial review.  We further conclude that it would be more appropriate for the circuit court to undertake judicial review than for this court to do so.  We also explain why we reject the appellant department's argument that respondent McDonald's lack of response in his brief on appeal to any point made in the department's opening brief is a basis to affirm the agency's decision.  Consistent with these conclusions, we reverse and remand to the circuit court with directions to proceed with the judicial review.

## I.  Adequacy Of The Agency's Record

¶2    McDonald sought judicial review of the department's decision, and is the respondent on appeal.  The nature of the department's decision is largely immaterial to our discussion here.  It is enough to say that the department's hearing examiner imposed a default judgment against McDonald as a sanction for failing to provide discovery.

¶3    The circuit court concluded that the department's decision failed to include sufficient findings of fact as required by WIS. STAT. § 227.47(1) (2019-20).[1]  The court ruled that the department's decision did not "contain Findings of Fact justifying or even relating to the hearing examiner's decision to default the petitioner in this case and deny him a hearing."  On this basis, the circuit court

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

concluded that the insufficient decision rendered the record inadequate for purposes of judicial review. The court set aside the agency's decision and remanded under WIS. STAT. § 227.57(7), which it interpreted as allowing the court to remand for further examination and action within the agency's responsibility when the agency's action depends on facts determined without a hearing, including when the court considers the record to be inadequate. It relied in part on *R.W. Docks & Slips v. DNR*, 145 Wis. 2d 854, 860, 429 N.W.2d 86 (Ct. App. 1988) (under § 227.57(7), if the circuit court "is unable to rule that the facts compel a particular action as a matter of law, it may remand," including when the record is "inadequate for proper review").

¶4 On appeal, the appellant department cites the familiar principle that we review the decision of the agency, rather than that of the circuit court. Applying that principle, the department's opening brief does not directly address the circuit court's conclusion that the department's decision lacked sufficient findings for judicial review. Instead, the department primarily argues that the department's decision was supported by substantial evidence and was otherwise lawful.

¶5 In response, McDonald argues in part that the findings are not sufficient, and therefore we should affirm the circuit court's remand to the department. In the department's reply, it argues that the findings are sufficient.

¶6 Because adequacy of the agency's record is a threshold question that precedes any review of the agency's decision, we start with that issue. We conclude that the findings in the decision, although not detailed, are sufficient for judicial review.

¶7 The applicable statute provides: "The findings of fact shall consist of a concise and separate statement of the ultimate conclusions upon each material issue of fact without recital of evidence." WIS. STAT. § 227.47(1). A wide theoretical continuum exists for what might be considered a "material issue of fact" that requires its own "concise and separate statement." If each "material issue of fact" refers to a fine granular level of fact, § 227.47(1) might be interpreted to require dozens or even hundreds of separate findings of historical fact in the typical case. However, that interpretation would not comport with common sense and in any case McDonald does not explain how any provision in ch. 227 or any other authority suggests that this kind of granularity is required.

¶8 For purposes of the default judgment ordered as a sanction, the examiner found that McDonald "continually failed to provide documents and abide by the discovery schedules that parties stipulated to before this hearing examiner." The decision stated: "[N]ow it appears that at least one of the named Respondents (Mr. McDonald) [admits that he] destroyed documents pertinent to the discovery request while the action has been pending." The examiner further stated: "Based on the findings, I must agree with the division [within the department] that Respondents [including McDonald] have acted in bad faith based on repeated violations of orders and misconduct in their failure to provide materials as requested by the division."

¶9 We do not interpret WIS. STAT. § 227.47(1) to have required the department here to make a separate finding on each historical fact showing that McDonald failed to provide documents or abide by schedules, that he destroyed documents, or that he acted in bad faith. Even without such specific historical findings, each of the above findings is clear enough in its ultimate conclusion to be

reviewable for support by substantial evidence, in the form of historical information in the record.

¶10    To obtain more context and guidance for a review of these findings, it may be necessary for a court to refer to the filings of the parties that preceded the examiner's decision.  A reviewing court can reasonably expect that the parties' arguments to the court will direct its attention to such material and, if they do not, the court may conclude that the party's argument is unsupported.  However, we are satisfied that these findings, when taken in context, are sufficient to permit judicial review, and thus the record is adequate.

## II.  *Failure Of Respondent's Brief To Address Parts Of Appellant's Brief*

¶11    We next turn to the first part of the parties' dispute about the merits of the agency's decision.  As we described earlier, the department's opening brief focuses on establishing that its findings were based on substantial evidence, and that it properly exercised discretion and applied a correct standard of law by imposing the default sanction based on those facts.  As respondent, McDonald argues that the agency committed error in certain ways.

¶12    In reply, the department argues that we should affirm the agency's decision because McDonald does not respond to some of the department's opening arguments on appeal.  In other words, the department argues that we should conclude that McDonald has conceded the arguments due to briefing insufficiencies, and that we should grant relief to the department without any court actually conducting a review of the department's decision.  We disagree, for the following reason.

¶13    Normally in appeals it is the appellant who sets the agenda for what must be decided by the reviewing court, as would ordinarily be the case if a party challenging an administrative action lost in the circuit court and brought an appeal in this court.  That agenda would be that party's arguments as to why the agency committed error.  Here, however, the department is the appellant, yet as the agency it has no burden to establish in a judicial review that it did everything correctly.  Instead, the burden is on the respondent McDonald, as the party opposing the agency's decision, to point to specific error by the agency.  *See City of La Crosse v. DNR*, 120 Wis. 2d 168, 178, 353 N.W.2d 68 (Ct. App. 1984) ("The burden in a ch. 227 review proceeding is on the party seeking to overturn the agency's action, not on the agency to justify its action.").

¶14    Because of that posture, the opening brief by the agency here is necessarily a limited effort to anticipate and pre-emptively address those topics that it believes the respondent may point to as agency error.  We say "limited effort" because, as a practical matter, it would be impossible for an agency to negate individually every conceivable error that it may have committed.  The range of potential errors is simply too large and unknowable.  In arguing that it did nothing wrong, the agency would have to prove a very large set of negative points.

¶15    For these reasons, in an appeal such as this one, an appellant agency's choice of topics to anticipate does not control the appeal or the respondent's choice of topics.  The respondent is not bound to address the appellant's arguments, but is instead free to argue only those points on which the respondent believes agency error occurred.  Because it is the respondent's burden to show agency error, the respondent must have this freedom, and cannot reasonably be penalized for disregarding the appellant agency's choice of topics to discuss.

¶16    Here, McDonald's brief makes certain claims of agency error.  To the extent that he does not address other aspects of the agency's decision, a court may treat that silence as a concession of correctness as to those aspects.  But that effect occurs only because it is McDonald's burden to show agency error, not because the agency addressed those aspects in its opening brief.

¶17    Accordingly, we reject the department's argument that McDonald's lack of response to any point made in the department's opening brief is a basis to affirm the agency's decision.  Instead, as to the merits, our focus would be on McDonald's claims of agency error, not on the topics addressed by the appellant, except to the extent that they join issue with those raised by McDonald.

### III.  Remand To Circuit Court For Judicial Review To Continue

¶18    We next consider whether to conduct the judicial review of the decision ourselves, or instead to remand to the circuit court to continue the review there.  The interest of judicial economy suggests that we should conduct the review here.  However, based in the unusual circumstances here, we conclude that in this appeal it is more appropriate to remand to the circuit court for that purpose.

¶19    As we will explain further, we reach this conclusion based on an unusual interaction of:  a circuit court disposition that remanded to the agency without addressing the merits of the agency's decision; the posture on appeal, in which the agency files the first brief, even though the respondent has the burden to show agency error; and, the operation of the rule setting forth when a respondent must file a cross-appeal.  In short, the interaction of these elements produces a situation in which, despite the fact that we do not review the circuit court decision on appeal of a judicial review of administrative action, the cross-appeal rule that controls the scope of issues on appeal continues to apply with reference to the

circuit court order appealed from, rather than to the underlying agency's decision that we would be reviewing.

¶20    As to the claims of agency error that McDonald makes in his brief as respondent, the department addresses those in its reply brief.  The department asserts that McDonald's claims of agency error are "irrelevant" to this appeal because McDonald did not cross-appeal.  In other words, McDonald had to file a cross-appeal before he could argue on appeal that the agency's decision should be set aside on its substantive merits, without there first being a circuit court remand to the agency to make additional findings.  We agree with this argument.

¶21    The cross-appeal rule provides:  "A respondent who seeks a modification of the judgment or order appealed from or of another judgment or order entered in the same action or proceeding shall file a notice of cross-appeal."  WIS. STAT. RULE 809.10(2)(b).  Under this rule, failure to file a notice of cross-appeal precludes us from considering a respondent's request for modification of the judgment or order that is distinct from any modification requested by the appellant.  *See **Borntreger v. Smith***, 2012 WI App 35, ¶20, 340 Wis. 2d 474, 811 N.W.2d 447; ***State v. Huff***, 123 Wis. 2d 397, 408-09, 367 N.W.2d 226 (Ct. App. 1985).

¶22    Normally, when a circuit court conducts a judicial review and sets aside an agency's decision due to error, a cross-appeal will not be necessary for the respondent to argue that the agency committed error.  That is because in making that argument the respondent is seeking only to affirm the circuit court decision, not modify it.

¶23    But the situation is different here.  The circuit court set aside the agency's decision and ordered a remand for further proceedings.  McDonald's

brief concludes by asking us to affirm the circuit court decision for a remand, "and further this Court should overturn the default order entered by the agency hearing examiner." However, the circuit court remand order did not overturn the default order. If we were to grant McDonald that relief, after agreeing with his claims of agency error, it would be a modification of the circuit court order that was appealed from. And, therefore, we are precluded from granting that relief in the absence of a cross-appeal.

¶24 McDonald asserts that, because of the lack of a circuit court ruling on the merits of the default judgment, he could not cross-appeal to have the merits reviewed in this court. However, that is not correct. Appeals are not limited to only those issues that were decided by the circuit court. For example, a respondent is permitted to argue in favor of grounds for affirmance that were not relied on by the circuit court, meaning that the court was "'right, although for the wrong reason,'" *see Auric v. Continental Casualty Co.*, 111 Wis. 2d 507, 515-16, 331 N.W.2d 325 (1983) (quoted source omitted), and this court regularly affirms circuit court decisions on grounds different from those relied on by the circuit court.

¶25 Based on this discussion, it can now be seen that the combined effect of the department's briefing is to put McDonald in a kind of Catch-22 or "heads I win, tails you lose" position. The department first argues that it committed no error in its decision, and then it argues that McDonald is precluded from responding that the agency *did* commit error, because he did not cross-appeal. These arguments together create a situation in which McDonald was required to cross-appeal merely to respond to the appellant's opening argument, which is not ordinarily the case.

¶26   If we were to review the merits of the agency's decision, in a situation in which we are unable to grant relief to the respondent if we agree that error occurred, it would be a one-sided argument in which only the appellant could obtain relief.  This would essentially impose a forfeiture on the respondent's right to judicial review because the respondent failed to anticipate, within the limited time for filing a cross-appeal, and before seeing the appellant's brief, that a cross-appeal would be necessary to prevent this situation from occurring.

¶27   The department here is certainly permitted to expand its argument on appeal beyond the scope of what was decided by the circuit court, and to ask us to address the merits and affirm the agency's decision.  However, the department has not suggested that we are *required* to address the merits of the agency's decision, when the circuit court did not reach the merits, and when a remand by this court will enable the judicial review to continue before the circuit court.  Therefore, in this unusual situation, and to prevent what we regard as an unfair posture for the respondent, we decline to review the merits of the agency's decision.

¶28   For all these reasons, we reverse the circuit court order remanding the case to the department, and we remand to the circuit court with directions to proceed with the judicial review based on the record transmitted by the department.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.